**CALLAHAN & BLAINE, APLC**
Michael J. Sachs (SBN 134468)
mjs@callahan-law.com
Sharon T. Yuen (SBN 229356)
syuen@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiff DAVEY'S LOCKER SPORTFISHING, INC. and NEWPORT LANDING SPORTFISHING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DAVEY'S LOCKER SPORTFISHING, INC. and NEWPORT LANDING SPORTFISHING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AMCO INSURANCE COMPANY; and DOES 1-20, inclusive,<br><br>Defendants. | **Case 8:20-cv-01424** JVS (JDEx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:   James V. Selna<br><br>Complaint Filed:  June 25, 2020<br>               (State Court) ___ |

1. **INTRODUCTION**

    A. **PURPOSES AND LIMITATIONS**

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than litigating this action may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

1  discovery and that the protection it affords from public disclosure and use extends
2  only to the limited information or items that are entitled to confidential treatment
3  under the applicable legal principles.  The parties further acknowledge, as set forth
4  in Section 11.3, below, that this Stipulated Protective Order does not entitle them to
5  file confidential information under seal; Civil Local Rule 79-5 sets forth the
6  procedures that must be followed and the standards that will be applied when a party
7  seeks permission from the court to file material under seal.

## B.   GOOD CAUSE STATEMENT

9  This action is likely to involve confidential commercial, business, proprietary
10 or financial information for which special protection from public disclosure and
11 from use for any purpose other than litigating this action is warranted.  This case
12 involves a coverage dispute arising out of an underlying lawsuit filed against
13 Plaintiffs Davey's Locker Sportfishing, Inc. and Newport Landing Sportfishing, Inc.
14 alleging, among other things, a claim for false advertising.  Parties and third parties
15 (both individual and corporate) may possess potentially discoverable information.
16 The confidential and proprietary information from parties and third parties will
17 contain, inter alia, confidential business or financial information, proprietary
18 business information, information regarding confidential business practices, trade
19 secrets, commercial information (including information implicating privacy rights of
20 third parties), information otherwise generally unavailable to the public, or which
21 may be privileged or otherwise protected from disclosure under state or federal
22 statutes, court rules, case decisions, or common law.  Accordingly, to expedite the
23 flow of information, to facilitate the prompt resolution of disputes over
24 confidentiality of discovery materials, to adequately protect information the parties
25 are entitled to keep confidential, to ensure that the parties are permitted reasonable
26 necessary uses of such material in preparation for and in the conduct of trial, to
27 address their handling at the end of the litigation, and serve the ends of justice, a
28 protective order for such information is justified in this matter.  It is the intent of the

parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 <u>Action</u>:  this pending federal lawsuit.

2.2 <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10  Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11  Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1     Making Designation. Protected Material shall be designated as such by the Designating Party or third party by stamping or labeling it with, or otherwise affixing thereto, the legend "CONFIDENTIAL" as appropriate.

5.2     Transcripts or Recordings of Depositions. In the case of transcripts or recording of depositions or other pretrial proceedings in this Action, Counsel may state on the record during such deposition or other proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" as appropriate; or may give written notice of such designation to all Parties within 30 days after the transcript or recording is received by Counsel from the court reporter.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Inadvertent Production. If a Producing Party inadvertently produces a document, tangible item or electronically stored information that it later discovers or in good faith asserts to be privileged, protected by the work product doctrine, or

subject to some other immunity from disclosure ("Privileged Material") the production of that Privileged Material shall not be deemed to constitute a waiver of any applicable privileges, work product protection, or immunity from disclosure. Upon discovery of the inadvertent disclosure, the Producing Party shall immediately notify the Receiving Party of the inadvertent production, and request either the return or confirmation of destruction of the Privileged Materials. Within five business days of receiving such notification, the Receiving Party shall return or confirm destruction of all such materials, including copies and/or summaries thereof.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

Case 8:20-cv-01424-JVS-ADS   Document 13   Filed 11/12/20   Page 9 of 15   Page ID #:164

action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery

- 9 -
STIPULATED PROTECTIVE ORDER

1 request. If the Non-Party timely seeks a protective order, the Receiving Party shall
2 not produce any information in its possession or control that is subject to the
3 confidentiality agreement with the Non-Party before a determination by the court.
4 Absent a court order to the contrary, the Non-Party shall bear the burden and
5 expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     MISCELLANEOUS**

11.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

11.4 Nothing in this order shall apply to a Party's use of their own protected material for any use during the course of the Action.

## 12. **<u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this action, as defined in paragraph 4, the undersigned Parties shall either (1) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material); (2) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials; or (3) as to any Documents, Testimony or other Information not addressed by (1) and (2), file a motion seeking a Court order regarding proper preservation of such Materials. Any party that is unable to comply with (1) or (2) because of law, statute, or regulation, will maintain Confidential Materials in its files, in continuing compliance with the terms of this Stipulation and Protective Order until such time that the Party is permitted to destroy the Confidential Materials, under the applicable law, statute, or regulation. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (3) herein.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 11, 2020 **CALLAHAN & BLAINE, APLC**

By: */s/* [signature: Sharon Yuen]
Edward Susolik
Sharon Yuen
Attorneys for Plaintiffs DAVEY'S LOCKER SPORTFISHING, INC. and NEWPORT LANDING SPORTFISHING, INC

Dated: November 10, 2020 **HINES HAMPTON PELANDA LLP**

By: */s/ Nicole M. Hampton*
Marc S. Hines
Nicole M. Hampton
Attorneys for Defendant AMCO INSURANCE COMPANY

Attestation pursuant to L.R. 5-4.3.4(a)(2)(i) regarding signatures:

I, Sharon Yuen, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: November 12, 2020    By:  /s/ Autumn D. Spaeth
                                Autumn D. Spaeth
                                Magistrate Judge

- 13 -
STIPULATED PROTECTIVE ORDER

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Davey's Locker Sportfishing, Inc. v. AMCO Insurance Company, et al.*, Case 8:20-cv-01424 JVS (JDEx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 14 -
STIPULATED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CALIFORNIA, CENTRAL DIVISION

### DAVEY'S LOCKER SPORTFISHING INC. V. AMCO INSURANCE COMPANY

### CASE NO.: 8:20-cv-01424-JVS-ADS

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707**.

On November 11, 2020, I served the following document(s) described as

### STIPULATED PROTECTIVE ORDER

on the interested parties in this action by placing: ☐ the original ☒ a true copy to the following e-mail addresses as follows:

☒ **BY ELECTRONIC MAIL:** I electronically filed such document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet as listed below:

Brian L Pelanda    bpelanda@hineshamptonllp.com, mcusumano@lawhhp.com, acooley@hineshamptonllp.com, bpelanda@lawhhp.com

Nicole M Hampton    acooley@lawhhp.com, nhampton@lawhhp.com, mcusumano@lawhhp.com

Marc S Hines    cemanuelson@lawhhp.com, nhampton@lawhhp.com, mhines@lawhhp.com, acooley@hineshamptonllp.com

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on November 11, 2020, at Santa Ana, California.

Yvonne Jimenez